UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KUMAR INDUSTRIES,<br><br>    Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>    Defendant. | Court No. 21-00622 |

**COMPLAINT**

Plaintiff, Kumar Industries ("Kumar"), by and through its attorneys, Fox Rothschild LLP, alleges and states as follows:

**THE ADMINISTRATIVE DECISION TO BE REVIEWED**

1. Plaintiff Kumar contests certain aspects of the final results of an administrative review of the antidumping duty order *Glycine from India* (A-533-883), issued by the International Trade Administration of the United States Department of Commerce ("Commerce"). The final results of the administrative review covered Plaintiff's exports of glycine that were entered into the United States during the period of review ("POR"), between October 31, 2018 and May 31, 2020.

2. Commerce issued the contested final results on November 4, 2021. Notice of the final results was published in the Federal Register on November 10, 2021. *See Glycine from India: Final Results of Antidumping Duty Administrative Review; 2018-2020,* 86 Fed. Reg. 62508 (November 10, 2021). The findings and conclusions of the contested determination were

129388497.1

set forth in an accompanying Issues and Decision Memorandum for the Final Determination, dated November 4, 2021 ("I&D Memo").

## JURISDICTION

3. Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and § 1516a(a)(2)(B)(iii) to contest the aforesaid final results. This Court has sole jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

4. Plaintiff, an Indian producer and exporter to the United States of glycine, is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). As an interested party that actively participated in the underlying administrative proceeding, Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(e).

## TIMELINESS

5. This action is timely as this Complaint is being filed within 30 days of the filing of the Summons that initiated this case, *see* Rule 3(a)(2) of the Rules of the U.S. Court of International Trade and 28 U.S. § 2636 (c).

## STANDARD OF REVIEW

6. This Court reviews final determinations of administrative reviews issued by Commerce pursuant to 19 U.S.C. § 1675(a) to determine whether they are "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a (b)(1)(B)(i).

## STATEMENT OF FACTS

7.     Commerce initiated the contested administrative review on August 6, 2020.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed Reg. 47731 (August 6, 2020).  Kumar participated in this review as a mandatory respondent and fully responded to all of Commerce's information requests in a complete and timely manner.  Kumar responded to Sections A-D of the initial questionnaire and to four supplemental questionnaires.

8.     The issue in this appeal concerns Commerce's application of total adverse facts available (" total AFA") as to Kumar on the basis of its withholding information that prevented Commerce from determining whether Company A or Company B was affiliated with Kumar during the POR.

9.     During the POR, Company A accounted for a substantial portion of Kumar's home market sales and Company B accounted for a substantial portion of Kumar's purchases of inputs necessary to produce glycine.

10.    Prior to both the initial investigation and the first administrative review of the antidumping duty order, partners of Kumar had once been the owners of Company A and Company B, but sold their interest in these companies and no longer retained any interest or control over their business operations.  Thus, Kumar asserted that no affiliation between Kumar and Company A or Company B existed due to common ownership during the POR.

11.    In Kumar's Section A Response, consistent with Commerce's determinations in the initial investigation, Kumar did not include either Company A or Company B among Kumar's reported affiliates.  Consequently, Kumar's Section B response reported its POR sales made to Company A as home market sales made to an unaffiliated customer.  Similarly, Kumar's

Section D response reported its POR purchases of major inputs from Company B as purchases from an unaffiliated supplier.

12,   In response to the second, third and fourth supplemental questionnaires, Kumar provided additional information to Commerce that established that during the POR Companies A and B were not affiliated with Kumar within the meaning of 19 U.S.C. § 1677(33)(A)-(G).

13.   At no point in the review did Commerce specifically request that Kumar report Company A's resales of its purchases from Kumar as home market sales in the Section B Response.  At no point in the review did Commerce specifically request that Kumar report Company B's own input purchases of its sales to Kumar in the Section D response.

14    Commerce published the preliminary results in the Federal Register on July 7, 2021.  *See Glycine from India: Preliminary Results of Antidumping Duty Administrative Review; 2018-2020*, (July 7, 2021).  In the preliminary results, Commerce applied total AFA as to Kumar.  Commerce's preliminary determination, however, was the first time that Kumar was made aware that Commerce intended to consider whether either Company A or Company B was affiliated with Kumar.  Commerce justified the application of facts available because Kumar "failed to submit documents clearly explaining its affiliation status with respect to { Companies A and B}".  Preliminary Decision Memo at page 7.  Moreover, Commerce justified its use of an adverse inference in the application of facts available on the same basis as it set forth for the application of facts available. *Id*. at 7

15.  On August 16, 2021, Kumar submitted a case brief that objected to Commerce's application of total AFA in the preliminary results.

16. On November 10, 2021 Commerce published the final results in the Federal Register. *Glycine from India*, supra. In the final results, Commerce continued to determine that use of total AFA as to Kumar was warranted. I&D Memo at 28-32.

17. On December 10, 2021, Kumar filed a timely summons to initiate this action.

## STATEMENT OF CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT 1

18. Paragraphs 1-17 are incorporated by reference herein.

19. The statue permits Commerce to apply facts available if information is missing from the record or a party withholds information requested by Commerce. 19 U.S.C. §§ 1677e(a)(1) and 1677e(a)(2)(A).

20. In its supplemental responses, Kumar affirmatively stated that it was not affiliated with either Company A or B and provided documentary evidence in support of its assertion. Consistent with Commerce's determination in the initial investigation that was subject to on-site verification, the administrative record contained sufficient evidence to determine that Kumar was not affiliated with either Company A or Company B.

21. Commerce's determinations in the final results that (1) the there was insufficient information in the record for Commerce to determine whether Kumar was affiliated with Company A or Company B; or (2) Kumar withheld information concerning whether it was

affiliated with Company A or Company B were unsupported by substantial evidence in the administrative record or were otherwise not in accordance with law.

## COUNT 2

22.     Paragraphs 1-21 are incorporated by reference herein.

23.     The statute permits Commerce to use an adverse inference in the application of facts available only if Commerce determines that an interested party "failed to cooperate by not acting to the best of its ability to comply with a request for information" from Commerce. 19 U.S.C. § 1677e(b).  The reviewing courts have determined that not cooperating to the best of one's ability requires Commerce to make a separate analysis and determination apart and that it is insufficient for Commerce to merely restate the statutory standard under 19 U.S.C. § 1677e(a)(2)(A).  *See, e.g., NSK Ltd. v. United States*, 481 F.3d. 1355, 1361 (Fed. Cir. 2007); *ABB, Inc. v. United States*, 355 F. Supp. 3d 1206, 1223 (CIT 2018).

24.     In the preliminary results, Commerce determined that that Kumar did not act to the best of its ability due to its failure to sufficiently respond to Commerce's information requests. Preliminary Decision Memo at 7.  Commerce's final determination similarly reiterated Kumar's alleged failure to respond sufficiently to Commerce's information request and failed to provide a separate determination as to why Kumar had not acted to the best of its ability.  Final I&D Memo at 29-30.

25.     In the event that Commerce's application of facts available under Count 1 is affirmed, Commerce's failure to articulate a reason that Kumar did not act to the best of its ability, apart from its withholding of information that justified the application of facts available, was unsupported by substantial evidence and was otherwise contrary to law.

## **COUNT 3**

26.     Paragraphs 1-25 are incorporated by reference herein.

27.     In the event that Commerce's application of facts available under Count 1 is affirmed, and given Kumar's otherwise high level of cooperation with the administrative review, sufficient information existed in the record for Commerce to have applied partial facts available to account for any perceived missing information in a neutral manner, without the application of any adverse inference.

28.     With respect to Kumar's home market sales to Company A, Commerce should have conducted its standard "arms' length test to determine whether Kumar's home market sales prices to Company A should have been ignored from the margin calculation as they likely did not reflect "the amount usually reflected in sales of merchandise under consideration" to Kumar's other unaffiliated home market customers.  *See* 19 U.S.C. § 1677b(f)(2).

29      With respect to Kumar's purchases of raw material inputs from Company B, Commerce could have adjusted Kumar's reported of production and replaces the cost of purchases from Company B based upon the market price of the relevant inputs established from the Kumar's other suppliers or the input prices established from the response of the other mandatory respondent.

30.     Commerce's use of total adverse facts available, rather than neutral facts available, was unsupported by substantial evidence in the administrative record and was otherwise contrary to law.

## COUNT 4

31. Paragraphs 1-30 are incorporated by reference herein.

32. The statute provides that respondents are to be given an opportunity to cure or remedy deficiencies in their responses. 19 U.S.C. §1677m(d). The reviewing courts have determined that Commerce's abuses its administrative discretion when it does not provide a party an opportunity to correct errors in its responses prior to the preliminary determination. *See e.g., NTN Bearing Corp. v. United States*, 74 F. 3d 1204, 1208-09 (Fed Cir. 1995); *Timken Corp. v. United States*, 434 F.3d 1345, 1353 (Fed. Cir. 2006).

33. Commerce's preliminary results were the first indication that Commerce would not accept Kumar's assertion that it was not affiliated with Company A or Company B. At no point in the review did Commerce specifically request that Kumar report Company A's resales of its purchases from Kumar as home market sales in the Section B Response. At no point in the review did Commerce specifically request Kumar to report Company B's input purchases of its sales to Kumar in Kumar's Section D response.

34. Given Commerce's dissatisfaction in the preliminary results with Kumar's assertion that it was not affiliated with Company A or Company B, Commerce should have given Kumar the opportunity in a post-preliminary supplemental response to provide information relating to Company A's resales of Kumar merchandise under consideration in the home market during the POR and to provide information relating to Company's B's production costs or purchase prices of raw material inputs sold to Kumar during the POR.

35. Commerce's failure to allow Kumar an opportunity to cure deficiencies in its responses as a result of Commerce's determination in the preliminary results not to treat Company A and Company B as parties unaffiliated to Kumar was unsupported by substantial evidence in the administrative record and was otherwise contrary to law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce's *final results* were unsupported by substantial evidence on the administrative record and was otherwise not in accordance with law with respect to the claims advanced by Plaintiff in this Complaint; and

b) remand the *Final Results* to Commerce with instructions to correct its errors and to complete the administrative review as to Kumar incorporating Kumar's information in accordance with the Court's decision.

Respectfully submitted,

*/s/ Ronald M. Wisla*
Lizbeth R. Levinson
Ronald M. Wisla
Brittney R. Powell

FOX ROTHSCHILD LLP
2020 K Street, NW
Suite 500
Washington, DC  20006
Tel: (202) 794-1183
Email: rwisla@foxrothschild.com

January 10, 2022                                       *Counsel for Kumar Industries*
.